IN THE UNITED STATES DISTRİCT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

EDWARD LEE THOMAS,

      Plaintiff,

  vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

      Defendants.

_____/

CASE No. 1:12-cv-01020-LJO-MJS

FINDINGS AND RECOMMENDATIONS
GRANTING DEFENDANTS
CALIFORNIA DEPARMENT OF
CORRECTIONS AND REHABILITATION
AND CATE'S MOTION TO DISMISS

(ECF Nos. 15, 27)

OBJECTIONS DUE WITHIN
FOURTEEN (14) DAYS

## I.    PROCEDURAL HISTORY

Plaintiff Edward Lee Thomas ("Plaintiff") a former state prisoner, initiated this action on August 31, 2012 pursuant to 42 U.S.C. Section 1983.  (Compl., ECF No. 1.)

In the Complaint, Plaintiff raises claims under the Fourth and Fourteenth Amendments of the United States Constitution alleging that he was subjected to illegal seizure and incarceration.  Plaintiff also alleges that certain Defendants are liable under Monell, and raises claims of false imprisonment, claims under Cal. Civil Code § 52.1, claims for intentional infliction of emotional distress, and claims for negligent infliction of emotional distress.  His claims arise out of Defendants' alleged failure to restore his "good

time credits" following a court decision changing the California Department of Corrections and Rehabilitation's schedule for determining forfeiture of credits.  (Compl. at 4.) Defendants' failure to restore the credits resulted in Plaintiff being incarcerated for a longer period than necessary.  (Id. at 5.)

Plaintiff names as Defendants (1) California Department of Corrections and Rehabilitation ("CDCR"); (2) J. Hartley, Warden of Avenal State Prison ("ASP"); (3) R. Ndoh, Associate Warden/Chief Disciplinary Officer with the CDCR; (4) J. Goumas, Correctional Counsel I with the CDCR; (5) B. Desilagua, Correctional Counselor II with the CDCR; (6) N. Lopez, Appeals Coordinator with the CDCR; (7) S.A. Bryant, Correctional Counselor II with the CDCR; (8) M. Cate, Secretary of the CDCR; and (9) Does 1-XX.

Plaintiff seeks general, special, exemplary, and punitive damages from the individual Defendants, as well as costs and reasonable attorneys' fees. (Compl. at 11-12.)

Defendants Hartley, Ndoh, Goumas, Desilagua, Lopez, Bryant, and Does have yet to be served in this action.

Defendants CDCR and Cate filed a motion to dismiss this action on January 29, 2013. (Defs.' Mot. Dismiss, ECF No. 15.)  These Defendants argue that (1) the lawsuit is barred by the Eleventh Amendment, (2) the lawsuit is barred by Edwards v. Balisok, 520 U.S. 641 (1997) since it challenges the length of Plaintiff's confinement, (3) the lawsuit is barred by the doctrine of res judicata, (4) Plaintiff fails to state any claims against Defendant Cate in his individual capacity, and (5) the pendent state law claims should be dismissed because Plaintiff does not allege compliance with the Tort Claims Act.

Plaintiff filed opposition to the motion to dismiss on March 3, 2013.  (Pl.'s Opp'n, ECF No. 17.)  Defendants' time for filing a reply has passed and the motion is now ready for ruling.  Local Rule 230.

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that he was issued four Rules Violation reports between 1998 and

2004 for distilling alcohol.  (Compl. at 4.)  He was ultimately found to have committed offenses under the California Code of Regulations and he forfeited good time credits for each incident.  (Id.)  In 2004, a California appellate court issued a decision forcing the CDCR to change its schedule for determining forfeiture of good time credits.  (Id.)  After this change, Plaintiff unsuccessfully pursued administrative methods to have his good time credits restored.  (Id. at 4-5.)  The individual Defendants named here have failed to restore Plaintiff's credits causing Plaintiff to have been illegally incarcerated for approximately eleven months.  (Id. at 5.)

**III.   LEGAL STANDARD**

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011).  In resolving a Fed. R. Civ. P. 12(b)(6) motion, the Court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003–04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels–Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910, cert. denied, 553 U.S. 1031.

///

///

1  **IV.   ANALYSIS**

2  **A.   Defendant California Department of Corrections and Rehabilitation**

3  The Eleventh Amendment prohibits suits against state agencies.  See Natural Res.

4  Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v.

5  Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List,

6  880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was

7  a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles

8  Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because CDCR is a state

9  agency, it is entitled to Eleventh Amendment immunity from suit.

10  Plaintiff concedes that this "argument is well taken."  (Pl.'s Opp'n at 2.)

11  Because this Defendant is immune from suit, Plaintiff cannot recover from it and

12  amendment of the claim against it would be futile.  Leave to amend need not be afforded

13  where it is absolutely clear that the deficiencies of the pleading could not be cured by

14  amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984); see also Cato

15  v. United States, 70 F.3d 1103, 1106–07 (9th Cir. 1995) (dismissal without leave to amend

16  is not an abuse of discretion where amendment would be futile).

17  Defendant CDCR should be dismissed from this action without leave to amend.

18  **B.   Defendant Matthew Cate**

19  Pursuant to 42 U.S.C. § 1983, Plaintiff must demonstrate that each named

20  Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297

21  F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term

22  "supervisory liability," loosely and commonly used by both courts and litigants alike, is a

23  misnomer. Iqbal, 556 U.S. at 677.  "Government officials may not be held liable for the

24  unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.

25  at 676.  Rather, each government official, regardless of his or her title, is only liable for his

26  or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,

27

28                                                   -4-

through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 676-677.

Plaintiff does not direct any allegations of wrongdoing against Defendant Cate personally  He identifies no action by Defendant Cate that allegedly violated Plaintiff's constitutional rights.  He has failed to state a cognizable claim against Defendant Cate.

Plaintiff requests leave to amend this claim.  (Pl.'s Opp'n at 2.)  Leave to amend need not be afforded where it is absolutely clear that the deficiencies of the pleading could not be cured by amendment.  Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984); see also Cato v. United States, 70 F.3d 1103, 1106–07 (9th Cir. 1995) (dismissal without leave to amend is not an abuse of discretion where amendment would be futile).

Plaintiff has had numerous opportunities to plead his allegations against Defendant Cate.  He previously raised these claims in 1:10-cv-035-GBC, Thomas v. Goumas (E.D. Cal. filed January 10, 2011).  His complaint in that action failed to allege any individual action by Defendant Cate that violated Plaintiff's rights.  Plaintiff similarly failed to raise any cognizable claim against Defendant Cate in this current action.  Plaintiff did not provide the Court with any proposed amended complaint or other information that might suggest the possibility of a cognizable claim against Defendant Cate in his opposition to Defendants' motion.  Plaintiff's repeated inability to state a claim against Defendant Cate is evidence of his inability to do so.  No useful purpose would be served by giving Plaintiff yet another additional opportunity to amend as against Defendant Cate.

## VI.   CONCLUSIONS AND RECOMMENDATIONS

Plaintiff has failed to state a claim against Defendant CDCR as it is entitled to Eleventh Amendment immunity from federal suit and should be dismissed from this action without further leave to amend.  Plaintiff has failed to state a cognizable claim against Defendant Cate and he should be dismissed from this action without further leave to amend.

1        Accordingly, for the reasons stated above the Court RECOMMENDS that

2   Defendants CDCR and Cate's motion to dismiss (ECF No. 15) be granted on the grounds

3   that Plaintiff has failed to state a claim against either Defendant.[1]   The Court

4   RECOMMENDS that Defendants CDCR and Cate be dismissed from this action.

5        These Findings and Recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

7   Within fourteen (14) days after being served with these Findings and Recommendations,

8   any party may file written objections with the Court and serve a copy on all parties. Such

9   a document should be captioned "Objections to Magistrate Judge's Findings and

10  Recommendations." Any reply to the objections shall be served and filed within fourteen

11  (14) days after service of the objections. The parties are advised that failure to file

12  objections within the specified time may waive the right to appeal the District Court's order.

13  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

14  IT IS SO ORDERED.

15  Dated:   March 20, 2013                    /s/ Michael J. Seng

                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Since the Court decides Defendants CDCR and Cate's motion on other grounds, it will not reach the merits of Defendants' additional arguments for dismissal.

-6-