# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR GUNDY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01020-MJS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT**<br><br>**(ECF Nos. 62, 65)**<br><br>**ORDER MODIFYING SCHEDULING ORDER**<br><br>**(ECF No. 45)** |

## I.  PROCEDURAL BACKGROUND

Plaintiff Taylor Gundy, a former state prisoner, initiated this action on June 21, 2012 pursuant to 42 U.S.C. § 1983. This matter proceeds on a First Amended Complaint claim of medical indifference against Defendants Lopez, Arambula, and DOES 1-50.

Deadlines for discovery and pretrial motions have passed. (ECF No. 45.) The pretrial conference is set for April 15, 2014. (Id.) Trial is set for June 3, 2014. (Id.)

Before the Court is Plaintiff's Motion to Amend (ECF Nos. 62, 65) the First Amended Complaint "to substitute-in the name MARTA SPAETH for Doe Number 3 and to add said name alongside Defendant Sherry Lopez's name to the allegations contained in Plaintiff's First Amended Complaint, paragraphs 25, 26, 32, 34, and 121(b)." (ECF No. 65 at 1:26-2:1.)

## II. LEGAL STANDARD

A party may amend his pleading, after a responsive pleading is served, only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a); Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

"In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D. Cal. 2010), citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

A motion to amend must satisfy the terms of the court's scheduling order. NAS Electronics, Inc., v. Transtech Electronics PTE Ltd., 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003). Any modification of the scheduling order requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreation, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline).

"The good cause standard 'primarily considers the diligence of the party seeking the amendment' . . . 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' " C.F. v. Capistrano Unified School Dist., 656 F.Supp.2d 1190, 1194 (C.D. Cal. 2009). "[I]n determining good cause [under Rule 16 the court] considers four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.' " (Id. at 1196.)

Once a responsive pleading has been served, a motion to add a new party is within discretion of court. Boyd v. District of Columbia, 465 F.Supp.2d 1, 3 (D.D.C. 2006).

III.     **ARGUMENTS**

    A.     **Plaintiff's Position**

Dr. Spaeth held ultimate decision making authority over issues central to Plaintiff's case. The addition of Dr. Spaeth is crucial to Plaintiff's case. Despite diligence and good faith, and in part due to reliance upon Defendants' representations, Plaintiff only recently learned of the need to add Dr. Spaeth and then promptly moved to amend.

Defendants are not prejudiced by the addition of Dr. Spaeth. There is no substantive change to claims in issue. Sufficient time for trial preparation remains notwithstanding the addition of Dr. Spaeth.

    B.     **Defendants' Position**

There is no good cause to modify the Scheduling Order. Plaintiff was not diligent in discovering the need for amendment and alerting the court thereto. Plaintiff participated in preparation of the Scheduling Order which makes no provision for amendment and affirmatively states that no amendment was then anticipated. Plaintiff's discovery efforts have been procedurally deficient, and untimely, through no fault of Defendants. Readily available information regarding Dr. Spaeth was overlooked. Plaintiff did not seek the instant relief promptly upon identifying Dr. Spaeth.

Defendants will be prejudiced if the Motion is granted. Additional discovery and dispositive motion work will be required. Work invested in Defendants' (recently filed) Motion for Summary Judgment, in reliance upon the current Scheduling Order, may be lost. Dates scheduled in this action may be delayed.

IV.     **DISCUSSION**

The Court having reviewed the record and the parties' arguments and authorities, concludes that Plaintiff's Motion shall be granted upon the following rationale, terms and conditions.

    1.     Although the Court believes a reasonably conscientious attorney could have determined Dr. Spaeth's identity early enough to have sought amendment in a timely manner, there is no evidence the delay reflected bad faith or a

|   |   |   |
|---|---|---|
| 1 |  | dilatory motive, and the Court is unwilling to find it to have been such as to |
| 2 |  | necessarily fall within the range of sanctionable lack of diligence. See e.g., |
| 3 |  | Elysian Fed'l Savings Bank v. First Interreg. Equity Corp., 713 F.Supp. 737, |
| 4 |  | 751, n.19 (D.N.J. 1989) (the complaint may be amended to substitute the |
| 5 |  | name of the real defendant when discovered, as long as there is no |
| 6 |  | unreasonable delay). |
| 7 | 2. | The Court finds at most negligence, not culpability, on the part of the Plaintiff |
| 8 |  | in causing the delay and also finds a lack of irremediable prejudice. These |
| 9 |  | findings militate against holding Plaintiff rigidly responsible for not anticipating |
| 10 |  | the need for a motion to amend and not seeking leave to amend the |
| 11 |  | Scheduling Order which was silent on the possibility of amending. |
| 12 |  | Accordingly the Court finds good cause to, and does *sua sponte*, modify the |
| 13 |  | Scheduling Order so as to allow the requested amendment as provided |
| 14 |  | herein. |
| 15 | 3. | Except as discussed below, the Court is unable to find or even anticipate any |
| 16 |  | prejudice to Defendants by allowing the Motion. The proposed addition of Dr. |
| 17 |  | Spaeth should not change the nature of the case, the nature of the defenses |
| 18 |  | to it, or the discovery or trial preparation required on Defendants' part. (To the |
| 19 |  | extent the Court is mistaken and Defendants need more time for any such |
| 20 |  | matters, the Court would be liberal in allowing it.) |
| 21 | 4. | However, Defendants, timely and diligently following the rules and deadlines |
| 22 |  | imposed in this case, have filed a timely Motion for Summary Judgment which |
| 23 |  | likely will no longer be complete and comprehensive if Dr. Spaeth is added as |
| 24 |  | a Defendant. To the extent the addition of Dr. Spaeth as a Defendant |
| 25 |  | necessitates additional work on the Motion for Summary Judgment, |
| 26 |  | Defendants will have been prejudiced; Plaintiff's delay will have caused |
| 27 |  | duplication of effort. Plaintiff, not Defendants, should suffer that prejudice. |
| 28 |  | See The Development Group, LLC v. Franklin Twp. Bd. of Sup'rs, 2004 WL |

4

1773720, *3 (E.D.Pa. August 5, 2004) (allowing amendments once dispositive motions have been filed can prejudice the other party).

5. Accordingly, **granting this Motion shall be conditioned** upon Plaintiff compensating Defendants for all time reasonably and in good faith spent by Defendants in modifying the Motion for Summary Judgment in response to the addition of Dr. Spaeth.

6. Anticipating the inevitable -- i.e., Plaintiff seeking to depose Dr. Spaeth in order to respond to Defendants' Motion for Summary Judgment -- the Court, having allowed the amendment, will for the same reasons allow a deposition of Dr. Spaeth at a place convenient to Defendants and on a date within 30 days of entry of this Order (or such additional time as Defendants reasonably need to make Dr. Spaeth available) and Defendants will have 30 days thereafter to amend their Motion for Summary Judgment. Except for these modifications, the Scheduling Order filed April 24, 2013 shall continue in effect.

## V.  ORDER

Accordingly, and for the reasons and subject to the conditions above, it is HEREBY ORDERED THAT Plaintiff's Motion to Amend (ECF Nos. 62, 65) is GRANTED.

IT IS SO ORDERED.

Dated:   January 27, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE